UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAN FENG WANG — CIVIL ACTION

VERSUS — NO: 07-8993

DONG YOUNG XIN, BOBBY CHENG, HARVEST INT'L INVESTMENTS, INC., AND GOLDEN HARVEST INVESTMENTS, INC. — SECTION: R(2)

**ORDER AND REASONS**

Before the Court is plaintiff's motion to remand and request for attorney's fees, costs, and sanctions. For the following reasons, the Court GRANTS plaintiff's motion to remand and DENIES his request for fees, costs, and sanctions.

## I. BACKGROUND

Plaintiff Dan Feng Wang filed a "petition for damages" against defendants in the 32nd Judicial District Court for the Parish of Terrebonne on October 24, 2007.[1] Plaintiff used to work in defendants' restaurant. He alleges that when he left the restaurant after being fired from his job, another restaurant employee grabbed him around the waist and, as he tried to free himself, another employee cut his arm and fingers with a meat cleaver.[2] Plaintiff asserts that he has suffered personal

[1] *See* Pl.'s Cmplt., R. Doc. 1-4.

[2] *See id.* at ¶ 8, R. Doc. 1-4 at 7.

injuries as a result of his former co-workers' negligence and seeks to recover against defendants on the theory of *respondeat superior*.[3] Plaintiff lists the following past and future damages in his complaint: mental anguish and emotional distress, pain and suffering, loss of enjoyment of life, medical expenses, lost wages, lost earning capacity, disability, and "any other damages that are proven at the time of trial."[4]

On November 19, 2007, defendants removed this case to federal court on the ground that it involves a federal question. Defendants assert that plaintiff has brought a minimum wage claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.[5] In a separate paragraph in his complaint, plaintiff states that defendants refused his request to be paid minimum wage before they fired him. Plaintiff's statement reads in full:

> At some time prior to the incident complained of herein [the altercation that occurred as plaintiff was leaving the restaurant], Plaintiff DAN FENG WANG, had been employed by one or all of the Defendants; Plaintiff had been employed as part of the kitchen staff for approximately two to three weeks and was being paid below minimum wage for his labors and prior to the incident that is subject to suit, Plaintiff inquired of several of his supervisors and/or managers about

[3] *See id.* at ¶¶ 9, 10, R. Doc. 1-4 at 7.

[4] *See id.* at ¶ 11, R. Doc. 1-4 at 7-8.

[5] *See* Defs.' Notice of Removal at ¶ 5, R. Doc. 1 at 2.

being paid minimum wage and he was refused.[6] Defendants contend that by including this statement in his complaint plaintiff has brought a claim for unpaid minimum wages under the FLSA. Plaintiff maintains that he has brought only a state law tort claim, not an FLSA claim, and now moves to remand.

## II. LEGAL STANDARDS

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounding in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). "[A]ny doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320,

---

[6] Pl.'s Cmplt. at ¶ 7, R. Doc. 1-4 at 7.

323 (5th Cir. 2007). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court’s jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B. Federal Question Jurisdiction**

Federal district courts have jurisdiction over cases “arising under the Constitution, laws, or treaties of the United States.” 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the “well-pleaded complaint.” *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). *See also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The well-pleaded complaint rule means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Cooper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). The party seeking removal, in this case defendants, bears the burden of demonstrating that a federal question exists. *See Hot-Head*, 477 F.3d at 323. Because a defendant may remove a case to federal court only if the plaintiff could have brought the action in federal court from the outset, “the question of removal jurisdiction must also be determined by reference to the ‘well-pleaded complaint.’” *Merrell*

*Dow*, 478 U.S. at 808 (citation omitted).

## III. DISCUSSION

### A. Existence of Federal Question

Contrary to defendants' assertion, a claim for unpaid minimum wages under the FLSA does not appear on the face of plaintiff's complaint. Plaintiff contends that defendants are liable for their employees' *negligence*.[7] The relief he seeks is typical of personal injury actions. He does not mention the FLSA or seek to recover liquidated damages under 29 U.S.C. § 216(b). That plaintiff seeks to recover past lost wages does not give rise to a minimum wage claim, as tort victims frequently seek to recover economic damages resulting from their injuries. Additionally, plaintiff's request for "any other damages that are proven at the time of the trial" and all necessary "legal and equitable relief" does not implicate the FLSA. Such boilerplate requests for relief do not raise federal questions. *See Hot-Hed*, 477 F.3d at 324 (holding that a request for attorney's fees "as allowed by law" as part of a state-law claim is insufficient to raise a federal question even if attorney's fees are available only under federal law). Moreover, the very statement in

[7] *See id.* at ¶¶ 9-10, R. Doc. 1-4 at 7.

plaintiff’s complaint on which defendants rely exclusively for federal jurisdiction belies any notion that plaintiff has pleaded a claim under the FLSA. Plaintiff prefaces the description of his supposed wage dispute with his former employe by noting that it occurred “[a]t some time prior to *the incident complained of herein*” and distinguishes this dispute from “the incident that is *subject to suit*.”[8] The incident that is the subject of the suit is plaintiff’s encounter with former co-workers on his last day of employment. Thus, plaintiff expressly restricted his complaint to the alleged negligence of defendants’ employees.

The cases on which defendants rely for the proposition that removal of FLSA cases is proper are inapposite in this context. They involve situations in which defendants removed actions that involved explicit FLSA claims along with state law claims. The parties in those cases never disputed whether plaintiffs had in fact raised a federal question. *See Humann v. KEM Electric Coooperative, Inc.*, 497 F.3d 810, 812 (8th Cir. 2007) (involving removal of action containing direct claim of unpaid overtime wages under FLSA); *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 289 (4th Cir. 2007) (holding federal jurisdiction exists despite forum selection clause on ground that plaintiff brought FLSA

[8] *See id.* at ¶ 7, R. Doc. 1-4 at 7.

claim for unpaid minimum wages); *Guerro v. J.W. Hutton, Inc.*, 458 F.3d 830, 831 (8th Cir. 2006) (involving removal of action including unpaid overtime wage claim under FLSA). No one disputes that removal of a case including a claim under the FLSA is proper. In *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), the Supreme Court made clear that despite the statement in 28 U.S.C. § 216(b) that an action brought under the FLSA may be maintained in any federal or state court of competent jurisdiction, removal of a case involving an FLSA claim is appropriate because a plaintiff may initially file such a suit in federal court and the FLSA does not expressly prohibit removal. *Id.* at 694-95. Here, the issue is not whether removal of an FLSA claim is proper but whether plaintiff has pleaded such a claim at all. As explained, *supra*, based on the face of the complaint, plaintiff has not brought a claim under the FLSA.

Whether facts exist that would allow plaintiff to plead a claim for unpaid minimum wages under the FLSA is irrelevant to assessing the propriety of removal. Under the well-pleaded complaint rule, federal courts recognize that "the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc. v. Williams*, 482 U.S.

386, 398-99 (1987). Defendants make much of plaintiff's supposed refusal to deny that he is seeking redress under the FLSA.[9] Notwithstanding the requirement that the Court must determine whether a federal question exists on the face of the complaint, defendants overlook plaintiff's repeated statements throughout his brief that he seeks recovery only for his personal injuries allegedly sustained as a result of the actions of defendants' employees. If plaintiff later seeks relief under the FLSA in state court, then defendants may seek removal at that time. The language of 28 U.S.C. § 1446(b) anticipates situations in which the ground for removal arises only after the filing of an amended complaint. The statute provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Because plaintiff does not raise a federal question, this Court lacks subject matter jurisdiction over this case and remands it to state court.

**B. Attorney's Fees, Costs, and Rule 11 Sanctions**

Plaintiff also seeks to recover attorney's fees associated

[9] *See* Defs.' Mem. Opp., R. Doc. 23 at 2.

with his motion to remand. Under 28 U.S.C. § 1447(c), when a court issues a remand order, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court may exercise its discretion to award attorney's fees in the remand context, "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). *See also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Here, it is not obvious that defendants lacked an objectively reasonable basis to remove this case. Although plaintiff's action is one to recover damages for personal injuries, he devotes an entire paragraph of his complaint to describing a wage dispute with his former employers. Since Louisiana does not have a general minimum wage statute,[10] defendants plausibly could have read that paragraph as raising a minimum wage claim under federal law. Furthermore, plaintiff acknowledges that the reference to his wage dispute is "oblique

---

[10] Louisiana is currently one of only five states that does not have a general minimum wage law. The other four are Alabama, Mississippi, South Carolina, and Tennessee. *See* U.S. Dep't of Labor, Employment Standards and Administration, Wage and Hour Division, "Minimum Wage Laws in the States – January 1, 2008," http://www.dol.gov/esa/minwage/america.htm#2 (last visited January 31, 2008).

and essentially extraneous,"[11] and plaintiff made this reference without boldly specifying elsewhere that he was bringing only a tort claim. Thus, although defendants' reading of plaintiff's complaint is incorrect, it was not objectively unreasonable. Accordingly, plaintiff is not entitled to attorney's fees and costs. Further, the Court does not find circumstances here that warrant imposing Rule 11 sanctions against defendants' counsel.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand and DENIES his request for fees, costs, and sanctions.

New Orleans, Louisiana, this 8th day of February, 2008.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

[11] Pl.'s Mem. Supp., R. Doc. 14-2 at 2.